IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MODAVOX, INC.<br><br>Plaintiff,<br><br>v.<br><br>TACODA, INC.<br><br>Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. 07-CV-7088(CM)<br><br>**JURY TRIAL DEMANDED** |

## TACODA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Tacoda, Inc. ("Tacoda") answers the First Amended Complaint and Jury Demand ("Complaint") of Modavox, Inc. ("Modavox") and counterclaims as follows:

### THE PARTIES

1.  Tacoda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore deny same.

2.  Tacoda admits paragraph 2 of the Complaint.

### NATURE OF THE ACTION

3.  Tacoda admits that this is an action for alleged patent infringement arising under the patent laws of the United States, and denies all other allegations in paragraph 3 of the Complaint.

4.  With respect to the first two sentences of paragraph 4, Tacoda admits they involve an allegation of infringement of U.S. Patent Nos. 6,594,691 ("the '691 patent") and 7,269,636 ("the '636 patent"), and that copies of the '691 and '636 patents are attached to the Complaint as

Exhibits 1 and 2. Tacoda further admits that the third sentence of paragraph 4 states that Modavox is seeking a permanent injunction under 35 U.S.C. § 283 against Tacoda. Tacoda otherwise denies all remaining allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Tacoda admits that this Court has subject matter jurisdiction over patent infringement actions.

6. Tacoda admits that venue is proper because Tacoda has its principal place of business within this district, but otherwise denies the allegations of paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7. Tacoda admits that the '691 and '636 patents were issued by the United States Patent and Trademark Office ("USPTO"), but otherwise denies any of the remaining allegations of paragraph 7 of the Complaint.

8. Tacoda denies all allegations in paragraph 8 of the Complaint.

### COUNT 1: INFRINGEMENT ALLEGATIONS UNDER THE '691 PATENT

9. Tacoda refers to and incorporates herein the responses of paragraphs 1-8 above.

10. Tacoda denies all allegations in paragraph 10 of the Complaint.

11. Tacoda denies all allegations in paragraph 11 of the Complaint.

12. Tacoda denies all allegations in paragraph 12 of the Complaint.

### COUNT 2: INFRINGEMENT ALLEGATIONS UNDER THE '636 PATENT

13. Tacoda refers to and incorporates herein the responses of paragraphs 1-12 above.

14. Tacoda denies all allegations in paragraph 14 of the Complaint.

15. Tacoda denies all allegations in paragraph 15 of the Complaint.

16.     Tacoda denies all allegations in paragraph 16 of the Complaint.

## PRAYER FOR RELIEF

17.     Paragraph 17 of the Complaint comprises the prayer for relief to which no response is required.  To the extent that any response is required, Tacoda denies that it has infringed any valid and enforceable claim of the asserted patents and denies that Modavox is entitled to any relief whatsoever against Tacoda, either as requested or otherwise.  Tacoda further denies each and every allegation related to Tacoda contained in the Complaint to which Tacoda has not specifically responded.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Tacoda asserts the following defenses.  Tacoda reserves the right to amend its answer with additional defenses as further information is obtained.

### First Defense:  Noninfringement

18.     Tacoda has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '691 or '636 patents.

### Second Defense:  Invalidity

19.     On information and belief, the asserted claims of the '691 and '636 patents are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

### Third Defense:  Prosecution History/Claim Construction Estoppel

20.     On information and belief, as a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications that ultimately issued as the '691 and '636 patents and/or the application or applications to which the '691 and '636 patents claim priority, Modavox is estopped from asserting any construction of the claims of the '691

and '636 patents sufficiently broad to cover or include any product made, used, sold, offered for sale in, or imported into, the United States by Defendants and are further estopped from arguing infringement under the doctrine of equivalents.

### Fourth Defense:  Failure to Mark

21.     Prior to it receiving a copy of the summons and complaint, Tacoda did not have actual nor constructive notice of any act of alleged infringement on their part, and, on information and belief, to the extent any of Modavox's products or its licensees use the subject matter of any claims of the '691 and '636 patents, Modavox's failure to mark their products and its failure to require any licensees to mark their products pursuant to 35 U.S.C. § 287 precludes them from recovering damages pursuant to that provision.

### Fifth Defense:  Laches

22.     On information and belief, pursuant to the equitable doctrine of laches, Modavox's claims for damages are barred because of Plaintiff's delay in commencing this action.

### Sixth Defense:  Unavailability of Injunctive Relief (Adequate Remedy of Law)

23.     Claims by Modavox for preliminary injunctive relief are barred as a matter of law because Modavox has an adequate remedy at law for any claims included in this Complaint that Modavox may ultimately prevail on.

### Seventh Defense:  Unavailability of Injunctive Relief (Undue Delay)

24.     Claims by Modavox for preliminary injunctive relief are barred in whole or in part because of Modavox's undue delay in seeking such relief.

### Eighth Defense:  Unavailability of Injunctive Relief (No Irreparable Harm)

25.     Claims by Modavox for preliminary injunctive relief are barred as a matter of law because Modavox has not suffered any irreparable harm as a result of the acts alleged in the

Complaint.

### Ninth Defense:  Unavailability of Relief (Prosecution Laches)

26.     Pursuant to the equitable doctrine of laches, Modavox's claims for damages are barred because of Modavox's delay in prosecuting the applications that ultimately issued as the '691 and '636 patents and/or the application or applications to which the '691 and '636 patents claim priority.

### COUNTERCLAIMS

27.     Defendant Tacoda, Inc. ("Tacoda") allege as follows for these Counterclaims for Declaratory Judgment against Counterclaim Defendant Modavox:

28.     These are counterclaims for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,594,691 ("the '691 patent") and U.S. Patent No. 7,269,636 ("the '636 patent").

### THE PARTIES

29.     Counterclaim Plaintiff Tacoda is a Delaware corporation, having its principal place of business at 345 Seventh Avenue, 8th Floor, New York, NY 10001.

30.     On information and belief, Counterclaim Defendant Modavox, Inc. ("Modavox") is a Delaware corporation, having its principal place of business at 4636 University Drive, Suite 275, Phoenix, Arizona 80354.

### JURISDICTION

31.     Counterclaim Plaintiff Tacoda brings this action under the Declaratory Judgments Act, 28 U.S.C. § 2201 for a declaratory judgment of noninfringement and invalidity of the '691 and '636 patents under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq.  Since this

action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

32. Venue in this judicial district is conferred under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

33. This Court has personal jurisdiction over Modavox. Modavox has submitted to the personal jurisdiction of this Court by filing the Complaint in this Action.

## BACKGROUND

34. Counterclaim Plaintiff Tacoda hereby restate and reallege the allegations set forth in paragraphs 27 through 33 and incorporate them by reference.

35. Counterclaim Plaintiff Tacoda are accused of making, using, selling, offering for sale, or inducing others to use in the United States methods and related devices which Counterclaim Defendant Modavox alleges infringe the '691 and '636 patents.

36. This declaratory judgment action stems from an actual controversy between Tacoda and Modavox, as evidenced by, inter alia, the Complaint and Answer in this action.

## COUNT 1

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,594,691

37. Counterclaim Plaintiff Tacoda incorporates by reference the allegations set forth in paragraphs 27 through 36 above, as though fully asserted herein.

38. U.S. Patent No. 6,594,691, entitled "Method and System for Adding Function to a Web Page," was issued by the USPTO.

39. Counterclaim Defendant Modavox has filed this infringement suit against Counterclaim Plaintiff Tacoda, alleging that Tacoda is infringing the '691 patent as set forth in Modavox's complaint.

40. Counterclaim Plaintiff Tacoda has not infringed and is not infringing, either directly or indirectly, contributorily or otherwise any of the claims of the '691 patent.

41. Counterclaim Plaintiff Tacoda seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '691 patent to be not infringed by Tacoda, and granting Tacoda all other declaratory relief to which it may be entitled.

## COUNT 2

### Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 6,594,691

42. Counterclaim Plaintiff Tacoda incorporates by reference the allegations set forth in paragraphs 27 through 41 above, as though fully asserted herein.

43. On information and belief, the claims of the '691 patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

44. Counterclaim Plaintiff Tacoda seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '691 patent to be invalid and/or unenforceable for reasons including but not limited to failure to comply with one or more of 35 U.S.C. §§ 102, 103 and 112.

## COUNT 3

### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,269,636

45. Counterclaim Plaintiff Tacoda incorporates by reference the allegations set forth in paragraphs 27 through 44 above, as though fully asserted herein.

46. U.S. Patent No. 7,269,636, entitled "Method and Code Module for Adding Functionality to a Web Page," was issued by the USPTO.

47. Counterclaim Defendant Modavox has filed this infringement suit against Counterclaim Plaintiff Tacoda, alleging that Tacoda is infringing the '636 patent as set forth in Modavox's complaint.

48. Counterclaim Plaintiff Tacoda has not infringed and are not infringing, either directly or indirectly, contributorily or otherwise any of the claims of the '636 patent.

49. Counterclaim Plaintiff Tacoda seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '636 patent to be not infringed by Tacoda, and granting Tacoda all other declaratory relief to which they may be entitled.

## COUNT 4

### Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 7,269,636

50. Counterclaim Plaintiff Tacoda incorporates by reference the allegations set forth in paragraphs 27 through 49 above, as though fully asserted herein.

51. On information and belief, the claims of the '636 patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

52. Counterclaim Plaintiff Tacoda seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '636 patent to be invalid and/or unenforceable for reasons including but not limited to failure to comply with one or more of 35 U.S.C. §§ 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Defendant prays for the following relief:

A. The Court enter judgment against Modavox, and dismiss with prejudice, any and

all claims of their Complaint;

  B. The Court enter judgment declaring that Tacoda has not willfully or otherwise infringed, contributed to the infringement of, nor induced infringement of any claim of the '691 or '636 patents;

  C. The Court enter judgment declaring that the claims of the '691 or '636 patents are invalid and/or unenforceable;

  D. The Court declare that Modavox may not pursue its claims, in whole or in part, because of any of the affirmative defenses asserted herein;

  E. The Court declare that Modavox is not entitled to damages for, or injunctive relief against, any alleged infringement by Tacoda;

  F. The Court issue a declaration that this case is "exceptional" under 35 U.S.C. § 285;

  G. The Court award Tacoda its costs and expenses for this action, including reasonable attorney's fees;

  H. If Modavox's assets are not sufficient to satisfy Tacoda's costs and expenses for this action, that the Court, in the appropriate manner under Delaware law, reach the assets of any Modavox parent entity to satisfy the Court's award; and

  I. The Court grant to Tacoda such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiff Tacoda hereby demands a jury trial in this action.

Dated: October 19, 2007

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

s/ Paul R. Gupta
Paul R. Gupta (PG 3139)

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0001
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

**Attorneys for Defendant and Counterclaim Plaintiff Tacoda, Inc.**