UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MODAVOX, INC.,

          Plaintiff,

   v.

TACODA, INC.,

          Defendant.

---

Civil Action No.
1:07-cv-07088 (CM)

**STIPULATED [PROPOSED]
PROTECTIVE ORDER**

## PROTECTIVE ORDER

        To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT:**

    A.   **Definitions**

        1.    "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

        2.    "Material": all information, documents and things produced, served or otherwise provided, whether formally or informally, in this action by the Parties or by non-parties.

        3.    "Designated Material": Material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" under this Order.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/08

4.    "Designating Party": a Party or non-party that designates information, documents or things that it produces, serves, or otherwise provides in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code."

5.    "CONFIDENTIAL" Material: information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

6.    "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Material: information, documents, and things the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.   The designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, and settlement agreements or

- 2 -

settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

7.    "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code": micro or other similarly sensitive software code and accompanying statements for the programming of computers written in a high-level or assembly language that are readable by humans and electronic or non-electronic design documents that reveal the internal structure of a program produced by the designating party.

8.    "Producing Party": a Party or non-party that produces Material in this action.

9.    "Receiving Party": a Party that receives Material from a Producing Party.

10.    "Counsel of Record": (i) counsel who appears on the pleadings as counsel for a Party, and (ii) partners, associates, Of Counsels and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

11.    "Litigation Manager": (i) for Tacoda, Mark Hileman, Sarah Harris, and Christopher Day; and (ii) for Modavox, Lisbeth Bosshart.

12.    "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

- 3 -

13.    "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; document coding; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and members of mock juries and focus groups retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.    Scope/Applicability of Protective Order**

14.    This Order and any amendments or modifications hereto ("Protective Order") shall govern all documents, or portion thereof, electronically stored information, or any other item, thing, form of discovery, information, or material produced or provided, formally or informally, by any party or non-party to the litigation, to any other party. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for the production of documents, deposition testimony, transcripts and videotapes, deposition exhibits, pleadings, affidavits, briefs, motions, and any other writings or things produced, given or filed in this action. This Order shall also apply to any copies, excerpts, abstracts, charts, analyses, summaries, descriptions, notes, or other forms of recorded information containing, reflecting, or disclosing any such designated information. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, applicable case law, or any deadlines specifically set by this Court.

**C.    Access To Designated Material**

15.    A party shall have no obligation to produce any Material containing or reflecting a trade secret or other confidential research, development, or commercial information

that is not relevant to any claim or defense in the action, that is not necessary for the requesting party to prove its claims or defenses or that is not otherwise discoverable under Rule 26 of the Federal Rules of Civil Procedure.

16.    **"CONFIDENTIAL" Material:**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a)    employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(b)    persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c)    Counsel of Record;

(d)    Litigation Managers;

(e)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(f)    witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(g)    the Court and its personnel;

(h)    any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(i)     court reporters; and

(j)     Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

17.     **"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"** **Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" only to the following in addition to those identified in Paragraphs 30-31 below regarding use of Designated Material at depositions:

(a)     persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b)     Counsel of Record;

(c)     Litigation Managers;

(d)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and provided such Outside Consultant has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(e)     the Court and its personnel;

(f)     any designated arbitrator or mediator who is assigned to hear this matter, and his or her staffs, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(g)     court reporters; and

- 6 -

(h)    Professional Vendors to which disclosure is reasonably necessary for this litigation provided a representative of such Professional Vendor has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

18.    **"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" Material:**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – **Source Code**" only to the following in addition to those identified in Paragraphs 30-31 below regarding use of Designated Material at depositions:

(a)    persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b)    Counsel of Record;

(c)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, subject to the limitations in Section E below regarding the production of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" Material, and provided such Outside Consultant has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(d)    the Court and its personnel;

(e)    any designated arbitrator or mediator who is assigned to hear this matter, and his or her staffs, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

- 7 -

(f)     court reporters; and

(g)     Professional Vendors to which disclosure is reasonably necessary for this litigation provided a representative of such Professional Vendor has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

19.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so prior to the time such Designated Material is disclosed to him or her.  Counsel for a party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for all other parties at the termination of this action.

20.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed.  Pretrial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material.  A Receiving Party intending to disclose or discuss another party's Designated Material at a deposition, pretrial or trial proceeding, shall provide notice to the other parties, and in the case of trial, to the Court, ten (10) days in advance of said proceeding, and shall make all necessary arrangements to assure that the Designated Material is protected and disclosed in accordance with the terms of this Protective Order.

### D.     Access By Outside Consultants

21.     **Notice.**  In such situation where the Receiving Party wishes to disclose

- 8 -

another party's Designated Material to any Outside Consultant whom the Receiving Party reasonably anticipates will testify (at trial or deposition) as an expert witness in this action, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name, business title, and business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last seven years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the Agreement To Be Bound By Protective Order attached as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B.

22.    **Objections.** The Designating Party shall have ten (10) calendar days from receipt of the notice specified in Paragraph 19 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 10-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the objecting party may within fifteen (15) business days following its objection file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief. If the objecting

- 9 -

party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the objecting party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the objecting party, whichever occurs first.

### E.    Production of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" Material

23.    Material designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" shall be provided only on stand-alone computers (that is, computers not connected to a network, Internet or a peripheral device) at secure locations, to be made available during regular business hours on reasonable notice, at (i) for TACODA, the offices of Orrick, Herrington and Sutcliffe LLP in New York, New York and/or Los Angeles, California, and (ii) for Modavox, the offices of Shaub & Williams, LLP in Los Angeles, California and/or Rosenbaum & Associates, P.C., Northbrook, Illinois, or at some other agreed upon location on a computer provided by counsel for the Designating Party.

24.    At the time of inspection by the Receiving Party, the Receiving Party may identify and request paper copies of specific sections or modules of code designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code", such section or module not to exceed twenty (20) lines or the equivalent, which the Producing Party will print and ship to the Receiving Party's Outside Counsel of Record, assuming the parties agree said code is reasonably necessary to prove the Receiving Party's claims or defenses. In the event the

- 10 -

parties are unable to reach agreement, the Requesting Party shall seek resolution by the Court. All copies of Source Code, whether electronic or paper, designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" must be kept in a secured location, such as a locked room or file cabinet with limited access. The Receiving Party shall maintain a complete log of Bates numbered pages printed and persons who have reviewed those pages, and shall produce such log at the time its first expert reports relating to source code are delivered, regardless of the restrictions on expert discovery below. For security purposes, this log must be produced to the Producing Party regardless of any other stipulation limiting expert discovery. Further, the log will be supplemented with each new expert report relating to source code, 10 days after trial, and at the termination of this action. Paper copies of source code designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" shall be marked with Bates number and confidentiality labels when printed by the Producing Party. The Producing Party shall not videotape or otherwise monitor review of code by the Receiving Party.

25.    Counsel for the Receiving Party may not relinquish or disclose any copy of a Producing Party's Source Code material to an Outside Consultant unless the following conditions are met:

(a)    Such expert may not be, and no member of such expert's clerical staff, if any, may be a Party or a current or former officer, director, employee or consultant (in another capacity) of a Party; and

(b)    Unless otherwise agreed to by Parties, such expert must agree not to accept employment with a Party for a period of twelve (12) months after the final termination of this Action (either by full settlement of all disputed causes of action or exhaustion or abandonment of all appeals) with the exception of employment or retention in said expert's

capacity as an expert consultant or expert witness in another litigation on behalf of the same Party for which said expert has been retained in this Action, provided that any expert accepting employment shall not use, disclose, or otherwise access any material designed as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code";

(c)     Such expert must comply in full with the terms and provisions of this Protective Order, and must agree in writing to be bound by the terms of this Protective Order by signing the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B.

**F.     Prosecution Bar**

26.     Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, any individual (including, but not limited to, experts, consultants, or attorneys of the Receiving Party) who personally receives any material designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" shall not participate in the preparation or prosecution of any patent application or participate in the drafting of patent claims for the Receiving Party having claims materially related to the subject matter of the information designated by a Designating Party as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code," from the time of receipt of such material through and including one (1) year following the first to occur of (i) the complete resolution of this case as to the Producing Party through entry of a final non-appealable judgment or order for which appeal is not taken or has been exhausted or (ii) the complete settlement of all claims against the Producing Party in this action; provided, however,

OHS East:160460177.1

that the provisions of this Paragraph shall not apply to any domestic, foreign or international patent application that:

(a)      was filed prior to the Receiving Party's receipt of material designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY -- Source Code,"

(b)      is filed after the Receiving Party's receipt of material designated "HIGHLY CONFIDENTIAL ATTORNEYS' ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY -- Source Code," and claims priority under 35 U.S.C. §120 as a continuation application or divisional application, but not as a continuation-in-part application to an application filed is filed by the Receiving Party prior to the receipt of material designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY -- Source Code," **or**

(1)      claims priority under 35 U.S.C. §119 to a patent application filed by the Receiving Party prior to the receipt of material designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY -- Source Code".

G.      **Use Of Designated Material**

27.      **Use Of Designated Material By Receiving Party.**  Unless otherwise ordered by the Court or agreed to in writing by the Parties, and subject to the restrictions of this Order, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way.  Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel,

- 13 -

in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

   28. **Use By Receiving Party Of Material Designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code."** In the event the Receiving Party wishes to rely on any portion of the Producing Party's Source Code material in support of its claims or defenses, the Receiving Party must provide notice to counsel for the Producing Party prior to filing any pleading or other document containing the designated Source Code material, identifying the specific sections or modules of code the Receiving Party intends to cite, and explaining how the material is necessary to prove the Receiving Party's case. The Receiving Party's use will be limited only to the specific portion of code reasonably necessary to prove its case, with each portion not to exceed twenty (20) lines of code or its equivalent. The Producing Party shall have ten (10) calendar days from receipt of the notice to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-day (plus 3-days, if appropriate) period, if no objection has been asserted, then the designated Source Code material may be filed pursuant to the terms of this Order. However, if the Producing Party objects within the 10-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose the designated Source Code material absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the objecting party may within fifteen (15) business days following its objection, file a motion for a protective order preventing disclosure of the designated Source Code material or for other appropriate relief. If the objecting party fails to file

OHS East:160460177.1

a motion for protective order within the prescribed period, any objection is waived, and the designated Source Code material may thereafter be relied on. If the objecting party files a timely motion for a protective order, the designated Source Code material shall not be disclosed until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the objecting party, whichever occurs first.

29.    **Use Of Designated Material By Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

30.    **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)    A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that party;

(b)    A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

- 15 -

(c)    Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination. In the event that such attorney declines to sign such an Agreement To Be Bound By Protective Order, prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

31.    A witness who previously had access to a document designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" but who is not under a present nondisclosure agreement with the Producing Party that covers that document, may be shown the document if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL", "HIGHLY

OHS East:160460177.1

CONFIDENTIAL ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code". The witnesses may not copy, take notes on, or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code". The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order).

### H.   Procedure for Designating Materials

32.   Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL", material the Designating Party believes in good faith meets the definition set forth in Paragraph 5 above; a Designating Party may designate as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", material the Designating Party believes in good faith meets the definition set forth in Paragraph 6 above; a Designating Party may designate as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code", material the Designating Party believes in good faith meets the definition set forth in Paragraph 7 above. Material designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code", shall automatically be subject to a Prosecution Bar, as provided for in Paragraph 24 above.

OHS East:160460177.1

33.    Except as provided above in Section E with respect to "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" Material, any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and shall be subject to this Order. Thereafter, the Producing Party shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information prior to furnishing copies to the Receiving Party.

34.    Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section before the material is disclosed or produced.

35.    Designation in conformity with this Order requires:

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" on each page that contains Designated Material.    A designation of "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall suffice for a designation of "HIGHLY CONFIDENTIAL ATTORNEY' EYES ONLY", and a designation of "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with a designation of "SOURCE CODE" shall suffice for a designation of "HIGHLY CONFIDENTIAL ATTORNEY' EYES ONLY – Source Code."

(b)     For testimony, documents, or other information disclosed at a deposition or other pretrial or trial proceedings, the Designating Party may designate any portion of the testimony, document or other information as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code". The parties will use their best efforts to make all such designations at the times of the deposition or other pretrial and/or trial proceedings. However, if no such designation is made at the time of the deposition, any party may later designate testimony, documents or information disclosed at a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by informing the reporter and opposing party in writing within fourteen (14) calendar days of completion of the deposition of the designations to be applied.    However, regarding "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" Material, the Designating Party must designate at the time of the deposition. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code", as instructed by the Designating Party. All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" until the fourteen (14) day period has expired. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Highly Confidential Attorneys' Eyes Only Material, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of "Confidential" or "Highly Confidential Attorneys' Eyes Only" Material.

- 19 -

(c)    For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code."

I.    **Challenges to Confidentiality Designations**

36.    The parties will use reasonable care when designating documents or information as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code". Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" Material, "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Material, or "HIGHY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" Material have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

37.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a

- 20 -

"CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code".

**J.     No Waiver of Privilege**

38.     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, within ten (10) calendar days after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party with the factual basis for the assertion of privilege or immunity. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**K.     Inadvertent Failure To Designate**

39.     An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", or

- 21 -

"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" and if appropriate, "SUBJECT TO PROSECUTION BAR", with the factual basis for the assertion of designation as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code". Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of documents bearing the confidentiality designation.

**L.    Filing Designated Material**

40.    Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material, but must file such Designated Material under seal in conformance with the Court's rules and procedures. Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION – UNDER PROTECTIVE ORDER", or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code INFORMATION – UNDER PROTECTIVE ORDER", as appropriate, and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

**M.**    **Protected Material Subpoenaed or Ordered Produced In Other Litigation**

41.    If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code", the Receiving Party must so notify the Designating Party, in writing (by fax and email) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**N.**    **Unauthorized Disclosure Of Designated Material**

42.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material,

- 23 -

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### O.    Nonparty Use of this Protective Order

43.    A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

44.    A nonparty's use of this Protective Order to protect its "CONFIDENTIAL" information, "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information, or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" information does not entitle that nonparty access to "CONFIDENTIAL" information, "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information, or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code" information produced by any Party in this case.

### P.    Discovery from Outside Consultants

45.    Testifying experts shall not be subject to discovery of any draft of his or her report in this case or other cases that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

46.    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this case. No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions or other materials to a

- 24 -

testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

47.    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

48.    Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney work product for the purposes of this litigation and Protective Order.

**Q.    Duration**

49.    Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**R.    Final Disposition**

50.    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Designated Material, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material.    The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline.    Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits),

OHS East:160460177.1

discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section Q (Duration), above.

S.    **Miscellaneous**

51.    Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the party against whom such waiver will be effective.

52.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

53.    This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

54.    The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this protective order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be

- 26 -

resolved by the United States District Court for the Southern District of New York. Every

individual who receives any Designated Material agrees to subject himself or herself to the

jurisdiction of this Court for the purpose of any proceedings related to performance under,

compliance with, or violation of this Order.


Dated: New York, New York
     August **5** 2008

SHAUB & WILLIAMS, LLLP

By: _____
    David R. Shaub

12121 Wilshire Boulevard
Suite 205
Los Angeles, CA 90025
310-826-6678

ROSENBAUM & ASSOCIATES, P.C.

By: _____
    David G. Rosenbaum

650 Dundee Road
Suite 380
Northbrook, IL 60062
847-770-6000

Attorneys for Plaintiff Modavox, Inc.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
    Paul R. Gupta (1474006)

666 Fifth Avenue
New York, NY 10103-0001
212-506-5000

Attorneys for Defendant TACODA, Inc..


SO ORDERED.

_____
United States District Court Judge
DATED:
   9-2-08

- 27 -

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

## BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1.    My present employer is _____ ;

2.    The address of my present employer is _____

_____

_____ ;

3.    My present occupation or job description is _____ ;

4.    I agree to keep confidential all information provided to me in the matter of Modavox, Inc. v. Tacoda, Inc. Case No. 1:07-cv-07088 (CM) in the United States District Court for the Southern District of New York, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.    I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]

OHS East:160460177.1

## EXHIBIT B

### CERTIFICATION OF CONSULTANT

I, _____ [print or type full name], of

_____ am

not an employee of the Party who retained me.  I agree that if I receive or review Material

designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code", I will

not accept employment with the Party who retained me for a period of twelve (12) months after

the final termination of this Action, subject to the exceptions provided for in the Protective Order

entered in this case, unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]