David R. Shaub (California SBN 032322) (admitted *pro hac vice*)
Lisbeth Bosshart (California SBN 201822) (admitted *pro hac vice*)
SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025-1165
(310) 826-6678; (310) 826-8042 (fax)
lawfirm@sw-law.com

David Rosenbaum (*pro hac vice* application in process)
ROSENBAUM & ASSOCIATES, P.C.
650 Dundee Road, Suite 380
Northbrook, IL 60062
(847) 770-6000; (847) 770-6006 (fax)
drosenbaum@biopatentlaw.com

Jay A. Bondell (S.D.N.Y. Bar No. JB8521)
Ladas & Parry LLP
26 West 61st Street
New York, NY 10023
(212) 708-1800; (212) 246-8959 (fax)

Attorneys for Plaintiff Modavox, Inc., a Delaware Corporation

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGME TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TACODA, Inc., a Delaware Corporation;<br><br>Defendants. | CASE NO. 1:07-cv-07088-CM-GWG<br><br>**DECLARATION OF DAVID R. SHAUB IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, AND REQUEST TO AMEND THE SCHEDULING ORDER**<br><br>Before: Honorable Judge Colleen McMahon |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Augme Technologies, Inc. hereby submits the Declaration of David R. Shaub in Support of Its Reply to Defendant's Opposition to Motion for Leave to File Second Amended Complaint and Request to Amend the Scheduling Order.

**DECLARATION OF DAVID R. SHAUB**

# DECLARATION OF DAVID R. SHAUB, ESQ.

I, David R. Shaub, declare as follows:

1. I am an attorney at law, licensed to practice before all the courts of the state of California, as well as the U.S. District Court for the Central District of California. I have been admitted *pro hac vice* to practice before the U.S. District Court for the Southern District of New York. I am a senior partner with the law firm Shaub & Williams LLP, counsel for Plaintiff Augme Technnologies, Inc. ("Augme" or "Plaintiff") in this action. I have knowledge of all the facts detailed herein and if called as a witness, could and would testify thereto.

2. Augme filed a Motion for Sanctions for Spoliation of Evidence And Evasive Disclosure Practices on October 28, 2009. That motion was later taken off calendar after Tacoda indicated during a conference with Judge Gorenstein that it would produce additional documents which would cure the omissions.

3. On December 11, 2009, I directed Stephen D. Morgan, Esq. of my firm to send a letter to counsel for Tacoda listing 10 individuals Augme desired to depose in this action. After attempting to serve many of these individuals with subpoenas for their depositions in early 2010, I received a telephone call from Paul Gupta, Esq., counsel for defendant Tacoda, Inc. in this action, notifying me that Orrick, Herrington & Sutcliffe LLP, at which Mr. Gupta is a partner, represented all of these individuals, that they were authorized to receive service of process on their behalf, and that we were to communicate with these individuals only through Defendant's counsel, rather than contacting them directly.

4. In early February 2010, I caused subpoenas and/or deposition notices to be served on some of the above-referenced individuals. After a conference call between Mr. Gupta and me, these depositions were continued, essentially because Mr. Gupta took the position that four of the individuals were "apex" executives and their depositions should be held off until lower-level executives and employees on Augme's December 11, 2009 list could be deposed.

5. I believe that four of the individuals still remaining to be deposed from the December 11, 2009 list have knowledge regarding the subjects at issue in Augme's Motion for

DECLARATION OF DAVID R. SHAUB

Leave to File a Second Amended Complaint, and accompanying Proposed Second Amended Complaint.

6. Subsequent to the filing of and after initial disclosures and discovery requests had been served in the instant case, in 2008, Augme, discovered that AOL, LLC, which is now AOL, Inc., had been usurping Augme's trademark. In May, 2008, Augme sent a cease and desist letter to AOL regarding the same.

7. Also in mid-2008, AOL announced it was going to deploy Tacoda's behavioral marketing technology on AOL's Platform-A. The date when Tacoda no longer offered its technology to customers falls sometime after then. I have seen documents which I believe evidence this occurred in 2010. Therefore, we need to obtain evidence, partly from the remaining depositions, relevant to determination of this date. Augme sent a cease and desist letter to AOL to notify it that if it deployed such technology, it should be aware of Augme's patents regarding the same technology. In response to these letters, Paul Gupta, Esq., counsel for Defendant Tacoda in the instant action and all defendants in the AOL Action contacted me and requested that Augme not assert patent infringement claims against AOL, indicating such action might cause Tacoda to walk away from settlement discussions in the instant case. In addition, during my discussions with him in 2008, Mr. Gupta claimed any patent infringement claims Augme may have against AOL were different than patent infringement claims against Tacoda, but that if a global settlement could be reached, Augme would not have to even file the patent infringement claims and could save the expense. Further, Mr. Gupta requested that Augme defer service of the complaint in that action, filed in September 2008 as a trademark infringement action only, in order to further facilitate settlement discussions in the instant action. Mr. Gupta further indicated he thought the AOL Action was completely separate from the Tacoda Action and could be dealt with separately. We pursued a resolution of these actions for the ensuing three months until Mr. Gupta rejected the settlement efforts. Augme then filed its First Amended Complaint in the AOL Action on January 21, 2009, adding its patent

DECLARATION OF DAVID R. SHAUB

4

infringement claims to the AOL Action and also adding defendants Time Warner and Platform-A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed at Los Angeles, California, on this 30th day of June, 2010.

/s/David R. Shaub
David R. Shaub, Declarant