UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGME TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TACODA LLC and AOL INC. <br><br> Defendants. | Civil Action No. 07-CV-7088 (CM)(GWG) <br><br> Hon. Gabriel W. Gorenstein |

### DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants TACODA LLC and AOL Inc. ("Defendants") answer the Second Amended Complaint and Demand for Trial by Jury ("Complaint") of Augme Technologies, Inc. ("Augme") and counterclaim as follows:

### THE PARTIES

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore deny same.

2.  Defendants admit that TACODA LLC is a Delaware limited liability company, but deny all other allegations in paragraph 2 of the Complaint. TACODA, LLC's principal place of business is at 770 Broadway, New York, NY 10003.

3.  Defendants admit paragraph 3 of the Complaint.

4.  Defendants admit paragraph 4 of the Complaint.

### NATURE OF THE ACTION

5.  Defendants admit that this is an action for alleged patent infringement arising under the patent laws of the United States, and deny all other allegations in paragraph 3 of the

Complaint.

6.     With respect to the first two sentences of paragraph 6, Defendants admit they involve an allegation of infringement of U.S. Patent Nos. 6,594,691 ("the '691 patent") and 7,269,636 ("the '636 patent"), and that copies of the '691 and '636 patents are attached to the Complaint as Exhibits 1 and 2.  Defendants further admit that the third sentence of paragraph 6 states that Augme is seeking a permanent injunction under 35 U.S.C. § 283 against Defendants.  Defendants further admit the fourth sentence of paragraph 6.  Defendants otherwise deny all remaining allegations of paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     Defendants admit that this Court has subject matter jurisdiction over patent infringement actions.

8.     Defendants admit that venue is proper because Defendants have their principal places of business within this district, but otherwise deny the allegations of paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9.     Defendants admit that the '691 and '636 patents were issued by the United States Patent and Trademark Office ("USPTO"), but otherwise deny any of the remaining allegations of paragraph 9 of the Complaint.

10.    Defendants deny all allegations in paragraph 10 of the Complaint.

## COUNT 1: INFRINGEMENT ALLEGATIONS UNDER THE '691 PATENT

11.    Defendants refer to and incorporate herein the responses of paragraphs 1-10 above.

12.    Defendants deny all allegations in paragraph 12 of the Complaint.

13. Defendants deny all allegations in paragraph 13 of the Complaint.

14. Defendants deny all allegations in paragraph 14 of the Complaint.

**COUNT 2: INFRINGEMENT ALLEGATIONS UNDER THE '636 PATENT**

15. Defendants refer to and incorporate herein the responses of paragraphs 1-14 above.

16. Defendants deny all allegations in paragraph 16 of the Complaint.

17. Defendants deny all allegations in paragraph 17 of the Complaint.

18. Defendants deny all allegations in paragraph 18 of the Complaint.

**PRAYER FOR RELIEF**

19. Paragraph 19 of the Complaint comprises the prayer for relief to which no response is required. To the extent that any response is required, Defendants deny that they have infringed any valid and enforceable claim of the asserted patents and deny that Augme is entitled to any relief whatsoever against Defendants, either as requested or otherwise. Defendants further deny each and every allegation related to Defendants contained in the Complaint to which Defendants have not specifically responded.

**AFFIRMATIVE AND OTHER DEFENSES**

Further answering the Complaint, Defendants assert the following defenses. Defendants reserve the right to amend their answer with additional defenses as further information is obtained.

**First Defense: Noninfringement**

20. Defendants have not and do not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '691 or '636 patents.

### Second Defense:  Invalidity

21.     On information and belief, the asserted claims of the '691 and '636 patents are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

### Third Defense:  Prosecution History/Claim Construction Estoppel

22.     On information and belief, as a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications that ultimately issued as the '691 and '636 patents and/or the application or applications to which the '691 and '636 patents claim priority, Augme is estopped from asserting any construction of the claims of the '691 and '636 patents sufficiently broad to cover or include any product made, used, sold, offered for sale in, or imported into, the United States by Defendants and are further estopped from arguing infringement under the doctrine of equivalents.

### Fourth Defense:  Failure to Mark

23.     Prior to it receiving a copy of the summons and complaint, Defendants did not have actual or constructive notice of any act of alleged infringement on their part, and, on information and belief, to the extent any of Augme's products or its licensees use the subject matter of any claims of the '691 and '636 patents, Augme's failure to mark their products and its failure to require any licensees to mark their products pursuant to 35 U.S.C. § 287 precludes them from recovering damages pursuant to that provision.

### Fifth Defense:  Laches

24.     On information and belief, pursuant to the equitable doctrine of laches, Augme's claims for damages are barred because of Plaintiff's delay in commencing this action.

### Sixth Defense:  Unavailability of Injunctive Relief (Adequate Remedy of Law)

25.     Claims by Augme for preliminary injunctive relief are barred as a matter of law because Augme has an adequate remedy at law for any claims included in this Complaint that Augme may ultimately prevail on.

### Seventh Defense:  Unavailability of Injunctive Relief (Undue Delay)

26.     Claims by Augme for preliminary injunctive relief are barred in whole or in part because of Augme's undue delay in seeking such relief.

### Eighth Defense:  Unavailability of Injunctive Relief (No Irreparable Harm)

27.     Claims by Augme for preliminary injunctive relief are barred as a matter of law because Augme has not suffered any irreparable harm as a result of the acts alleged in the Complaint.

### Ninth Defense:  Unavailability of Relief (Prosecution Laches)

28.     Pursuant to the equitable doctrine of laches, Augme's claims for damages are barred because of Augme's delay in prosecuting the applications that ultimately issued as the '691 and '636 patents and/or the application or applications to which the '691 and '636 patents claim priority.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

## COUNTERCLAIMS

29.     Counterclaim Plaintiffs TACODA LLC ("TACODA") and AOL Inc. ("AOL") (collectively, "Counterclaim Plaintiffs") allege as follows for these Counterclaims for Declaratory Judgment against Counterclaim Defendant Augme Technologies, Inc. ("Augme"):

30.     These are counterclaims for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,594,691 ("the '691 patent") and U.S. Patent No. 7,269,636 ("the '636 patent").

## THE PARTIES

31.     Counterclaim Plaintiff TACODA is a Delaware limited liability company, having its principal place of business at 770 Broadway, New York, New York 10003.

32.     Counterclaim Plaintiff AOL is a Delaware corporation, having its principal place of business at 770 Broadway, New York, New York 10003.

33.     On information and belief, Counterclaim Defendant Augme is a Delaware corporation, having its principal place of business at 43 West 24th Street, Suite 1113, New York, New York 10010.

## JURISDICTION

34.     Counterclaim Plaintiffs bring this action under the Declaratory Judgments Act, 28 U.S.C. § 2201 for a declaratory judgment of noninfringement and invalidity of the '691 and '636 patents under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq.  Since this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

35.     Venue in this judicial district is conferred under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

36. This Court has personal jurisdiction over Augme. Augme has submitted to the personal jurisdiction of this Court by filing the Complaint in this Action.

## BACKGROUND

37. Counterclaim Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 27 through 33 and incorporate them by reference.

38. Counterclaim Plaintiff TACODA are accused of making, using, selling, offering for sale, or inducing others to use in the United States methods and related devices which Counterclaim Defendant Modavox alleges infringe the '691 and '636 patents.

39. This declaratory judgment action stems from an actual controversy between TACODA and Modavox, as evidenced by, inter alia, the Complaint and Answer in this action.

## COUNT 1

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,594,691

40. Counterclaim Plaintiff TACODA incorporates by reference the allegations set forth in paragraphs 29 through 39 above, as though fully asserted herein.

41. U.S. Patent No. 6,594,691, entitled "Method and System for Adding Function to a Web Page," was issued by the USPTO.

42. Counterclaim Defendant Augme has filed this infringement suit against Counterclaim Plaintiffs, alleging that Counterclaim Plaintiffs are infringing the '691 patent as set forth in Augme Complaint.

43. Counterclaim Plaintiffs have not infringed and are not infringing, either directly or indirectly, contributorily or otherwise any of the claims of the '691 patent.

44. Counterclaim Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '691 patent to be

not infringed by Counterclaim Plaintiffs, and granting Counterclaim Plaintiffs all other declaratory relief to which they may be entitled.

## COUNT 2

### Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 6,594,691

45. Counterclaim Plaintiffs incorporate by reference the allegations set forth in paragraphs 29 through 44 above, as though fully asserted herein.

46. On information and belief, the claims of the '691 patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

47. Counterclaim Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '691 patent to be invalid and/or unenforceable for reasons including but not limited to failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT 3

### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,269,636

48. Counterclaim Plaintiffs incorporates by reference the allegations set forth in paragraphs 29 through 47 above, as though fully asserted herein.

49. U.S. Patent No. 7,269,636, entitled "Method and Code Module for Adding Functionality to a Web Page," was issued by the USPTO.

50. Counterclaim Defendant Augme has filed this infringement suit against Counterclaim Plaintiffs, alleging that Counterclaim Plaintiffs are infringing the '636 patent as set forth in Augme's Complaint.

51. Counterclaim Plaintiffs have not infringed and are not infringing, either directly

or indirectly, contributorily or otherwise any of the claims of the '636 patent.

52. Counterclaim Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '636 patent to be not infringed by Counterclaim Plaintiffs, and granting Counterclaim Plaintiffs all other declaratory relief to which they may be entitled.

## COUNT 4

### Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 7,269,636

53. Counterclaim Plaintiffs incorporate by reference the allegations set forth in paragraphs 29 through 52 above, as though fully asserted herein.

54. On information and belief, the claims of the '636 patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

55. Counterclaim Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '636 patent to be invalid and/or unenforceable for reasons including but not limited to failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs prays for the following relief:

A. The Court enter judgment against Augme, and dismiss with prejudice, any and all claims of its Complaint;

B. The Court enter judgment declaring that Counterclaim Plaintiffs have not willfully or otherwise infringed, contributed to the infringement of, nor induced infringement of any claim of the '691 or '636 patents;

C. The Court enter judgment declaring that the claims of the '691 or '636 patents are invalid and/or unenforceable;

D. The Court declare that Augme may not pursue its claims, in whole or in part, because of any of the affirmative defenses asserted herein;

E. The Court declare that Augme is not entitled to damages for, or injunctive relief against, any alleged infringement by Counterclaim Plaintiffs;

F. The Court issue a declaration that this case is "exceptional" under 35 U.S.C. § 285;

G. The Court award Counterclaim Plaintiffs their costs and expenses for this action, including reasonable attorneys' fees;

H. If Augme's assets are not sufficient to satisfy Counterclaim Plaintiffs' costs and expenses for this action, that the Court, in the appropriate manner under Delaware law, reach the assets of any Augme parent entity to satisfy the Court's award; and

I. The Court grant to Counterclaim Plaintiffs such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiffs hereby demand a jury trial in this action.

Dated: September 17, 2010

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Paul R. Gupta (PG 3139)

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:   (212) 506-5000
Facsimile:   (212) 506-5151

**Attorneys for Defendants and Counterclaim Plaintiffs TACODA LLC and AOL Inc.**